**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| COLLEEN RICKS, INDIVIDUALLY AND IN HER CAPACITY AS PARENT, GUARDIAN AND NEXT FRIEND OF HER CHILDREN, KR AND HR, MINORS, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON SETH RICKS, DECEASED, | § | CIVIL ACTION No.: 2:15-cv-06686 |
| | § | SECTION: NJB-MBN |
| PLAINTIFFS, | § | JUDGE NANNETTE BROWN |
| | § | MAG. JUDGE MICHAEL NORTH |
| CADORATH AEROSPACE LAFAYETTE LLC; H&H TURBINE SERVICES, L.L.C.; AND ROTORCRAFT LEASING COMPANY, LLC, | § | |
| DEFENDANTS. | § | JURY TRIAL REQUESTED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Colleen Ricks, individually and in her capacity as parent, guardian and next friend of her minor children, KR and HR, and in her capacity as Personal Representative of the Estate of Brandon Seth Ricks, Deceased ("Plaintiff" or the "Ricks Family"), and files this First Amended Complaint, and in support thereof would respectfully show this Court as follows:

## I. PARTIES

1. Plaintiff Colleen Ricks, individually and in her capacity as parent, guardian and next friend of her minor children, KR and HR, and in her capacity as Personal Representative of the Estate of Brandon Seth Ricks, Deceased, has at all relevant times been a resident of Grady County, Oklahoma, and is a citizen of the State of Oklahoma. Decedent Brandon Seth Ricks was at all relevant times a resident of Grady County, Oklahoma, and a citizen of the State of Oklahoma.

2. Defendant CADORATH AEROSPACE LAFAYETTE, LLC (hereinafter, "Cadorath"), is a business corporation organized and existing under the laws of the State of Louisiana, maintaining its registered domicile address with the Louisiana Secretary of State in New Orleans, Orleans Parish, Louisiana, and has appointed Lance J. Arnold, Esq. as its agent for service of process and designated 1100 Poydras St., STE 3600, New Orleans, Louisiana 70163, as said agent's service address. Defendant Cadorath maintains its principal place of business in Broussard, Lafayette Parish, Louisiana. Defendant Cadorath has at all relevant times been a citizen of the State of Louisiana.

3. Defendant H&H TURBINE SERVICES, L.L.C., (hereinafter, "H&H"), is a business corporation organized and existing under the laws of the State of Louisiana, maintaining its registered domicile address with the Louisiana Secretary of State in Jeanerette, Iberia Parish, Louisiana, which has appointed Kevin D. Hebert as its agent for service of process and designated 701 Moresi Road, Jeanerette, Louisiana 70544, as said agent's service address. Defendant H&H maintains its principal place of business in Jeanerette, Iberia Parish, Louisiana. Defendant H&H has at all relevant times been a citizen of the State of Louisiana.

4. ROTORCRAFT LEASING COMPANY, LLC, (hereinafter, "Rotorcraft Leasing"), is a business corporation organized and existing under the laws of the State of Delaware authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Court, maintaining its principal place of business in Broussard, Lafayette Parish, Louisiana, which has appointed Corporation Service Company as its agent for service of process and designated 320 Somerulos St., Baton Rouge, Louisiana 70802-6129, as said agent's service address. Defendant Rotorcraft Leasing has at all relevant times been a citizen of the State of Louisiana and a citizen of the State of Delaware.

5. HELICOPTER ACCESORY SERVICE SOUTH, LLC, (hereinafter "HASS"), is a business corporation organized and existing under the laws of the State of Louisiana, maintaining its registered domicile address with the Louisiana Secretary of State in Broussard, Lafayette Parish, Louisiana, which has appointed Holland Christopher Hebert as its agent for service of process and designated 220 Jared Drive, Broussard, Louisiana 70518, as said agent's service address. Defendant HASS maintains its principal place of business in Broussard, Lafayette Parish, Louisiana. Defendant HASS has at all relevant times been a citizen of the State of Louisiana.

## II. JURISDICTION

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and each of the properly joined Defendants named above.

7. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## III. VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that Defendant Cadorath maintains its registered domicile address with the Louisiana Secretary of State in New Orleans, Orleans Parish, Louisiana.

## IV. FACTUAL BACKGROUND

9. On information and belief, on March 30, 2015 Decedent Brandon Ricks was pilot in command of a public use flight contracted by the U.S. Forest Service to assist in a controlled burn, which had departed from Dean Griffin Memorial Airport in Wiggins, Mississippi at approximately 1:34 p.m. Mr. Ricks was piloting a Model 206 L-1 Bell Helicopter, Registration

Number N50KH (the "Helicopter"), and two U.S. Forest Service personnel were also aboard the helicopter. On information and belief, Mr. Ricks was piloting the Helicopter at approximately 2:35 p.m. in the vicinity of Saucier, Mississippi when, suddenly and without warning, the Helicopter experienced a catastrophic engine failure and loss of power, at an altitude of approximately three hundred fifty (350) feet above ground level. As a result of this catastrophic engine failure and loss of power, the Helicopter impacted terrain, resulting in injury to and the death of Mr. Ricks, the death of one passenger, and serious injury to the other passenger.

10. The Helicopter was equipped with a Rolls Royce model 250-C30P turbine engine. Proper maintenance of such turbine engines is essential to maintaining operability and airworthiness of helicopters equipped with such engines. Figure 1 below, taken from the FAA's Helicopter Flying Handbook, 2012 Edition, provides a general overview of the major components of a helicopter turbine engine:




**Figure 1**[1]

[1] U.S. DEP'T OF TRANSP., FED. AVIATION ADMIN., HELICOPTER FLYING HANDBOOK (FAA-H-8083-21A) 4-9, 2012 ed.

11. Proper maintenance of the turbine engine components, including but not limited to the exhaust system (including the exhaust duct and exhaust collector assembly), and fuel control system, is essential to maintaining operability and airworthiness of a helicopter, such as the Helicopter being piloted by Brandon Ricks. Failure to properly maintain and/or repair the exhaust system, fuel control system, and other turbine engine components can result in dangerous heating conditions within the engine and its exhaust system (including cracking of or weakening of the exhaust duct and/or exhaust collector assembly), which can result in, among other conditions, catastrophic engine failure, loss of engine power, and loss of control of a helicopter while in flight.

12. On information and belief, on or about November 23, 2009, Defendant Cadorath, through its employees and/or agents, negligently performed maintenance work on the Helicopter's engine at its facility in Broussard, Louisiana, including but not limited to work involving the welding of cracks in the Helicopter engine's exhaust duct, and otherwise inspecting the Helicopter's engine. An Authorized Release Certificate (FAA Form 8130-3) signed by Cadorath agent Randy Stelly on or about November 23, 2009, states that Cadorath performed work on the Helicopter's exhaust duct, including "weld repaired cracks and FPI inspected acceptable, in accordance with Bell maintenance manual . . . . at this shop visit only."

13. On information and belief, on or about June 25, 2010, Defendant Rotorcraft Leasing, through its employees and/or agents, negligently performed maintenance work on the Helicopter's engine at its facility in Broussard, Louisiana, including but not limited to repairs to the engine's turbine relating to the Helicopter's exhaust collector, and otherwise inspecting the Helicopter's engine. The Helicopter's "Inspection – Maintenance – Overhaul Record" for its

"Turbine Assembly" (the Helicopter's "Engine Log") signed by a Rotorcraft Leasing agent on or about June 25, 2010, states "C/W [complied with] repairs of turbine due to crack[ed] exhaust collector IAW [in accordance with] mtc [maintenance] manuals 14W3." The Helicopter's Engine Log further reflects that Rotorcraft Leasing assigned work order number R22176 to this work.

14. On information and belief, on or about January 12, 2012, Defendant HASS, through its employees and/or agents, negligently performed maintenance work on the Helicopter's engine at its facility in Broussard, Louisiana, including but not limited to repairing and testing the Helicopter's fuel control system, and otherwise inspecting the Helicopter's engine. An Inspection – Maintenance – Overhaul – Transfer – AD/CEB Compliance Record – Accessory Form (Form GT-11778) was signed by signed by a HASS agent on or about January 12, 2012, as depicted in Figure 2, below:

**AD/CEB Compliance Record Accessory**

Rolls-Royce

Nomenclature FUEL CONTROL

Part II Page No. 1

Component serial number 325704

Engine Model 250-

Note 1: Record AD & CEB compliance and transfer information in "Remarks" section.
Note 2: This card must accompany accessory at removal.

| Date | P/N | Accy. Time | | Remarks | Signature and Certificate No. |
|---|---|---|---|---|---|
| | | Since OH | Total | | |
| MAR. 31 2010 | 23087146 | 00.00 | UNK | This component was found to be airworthy per OEM manuals. Details of repairs are on file at this agency per W/O# 066096 sig. [signature] | Serviced By Kansas Aviation of Independence L.L.C. |
| 1-10-2012 | 2549097-8 | 1041.3 | UNK | Repaired and Tested OK. | |
| | | | | c/w GT-73-356. HASS w/o W408 | [signature] |
| | | | | | 3HCR45XB |

GT-11778 (B) 6/00

**Figure 2**

15. On information and belief, on or about May 14, 2014, Defendant H&H, through its employees and/or agents, negligently performed maintenance work on the Helicopter's engine at its facility in Jeanerette, Louisiana, including but not limited to repairing the engine subsequent to a hard landing, removing and replacing a splined adapter and #8 bearing, assembling the Helicopter's exhaust collector, and otherwise inspecting the Helicopter's engine. A Major Repair and Alteration Form (FAA Form 337) was signed by H&H agent Kevin Hebert on or about May 14, 2014. An excerpt of the FAA Form 337 in question is provided as Figure 3, below, and contains the following entry concerning work performed by H&H:

**8. Description of Work Accomplished**
*(If more space is required, attach additional sheets. Identify with aircraft nationality and registration mark and date work completed.)*

Nationality and Registration Mark    Date

TURBINE ASSEMBLY PN 23035128 SN CAT 97728 TT 15938.4 TSO 1688.9 REPAIRED FOR HARD LANDING INSPECTION. ALL WORK DONE IN ACCORDANCE WITH ROLLS ROYCE 250-C30 OVERHAUL MANUAL VOLUME 1 14W3.

PARTS REMOVED: SPLINED ADAPTER PN 23030974 CORROSION PITTING
#8 BEARING PN 23058131 SN TA13-0510696 GROOVED BALLS

NEW PARTS INSTALLED:
SPLINED AADAPTER PN 23030974 SN 268165 ROLLS ROYCE NEW
#8 BEARING PN 23058131 SN TA13-0510889 TIMKEN ALCOR NEW
-----------------------------------END-----------------------------------

**Figure 3**

16. Moreover, H&H's Job Order (No. 2014-05) for the above-referenced work to the Helicopter states the following with respect to work performed on the Helicopter's exhaust collector assembly: "[b]egin exhaust collector assembly by mating together same serv exhaust collector P.N. [part number] 23032325 SN [serial number] 42223, same serve cab seal PN 23032327, sealant in place, properly seated. Exhaust collector assembly is now complete."

17. The NTSB Preliminary Report relating to the March 30, 2015 crash of the Helicopter states that—immediately prior to the crash—a witness on the ground "heard a sound that resembled an air hose being unplugged from a high pressure tank, which was followed by the helicopter impacting trees and then the ground," consistent with a loss of power. The aforementioned eyewitness account and other witness accounts are consistent with a catastrophic failure of the Helicopter's engine, including but not limited to loss of power, and a failure of the Helicopter's engine's exhaust system and fuel control system. This catastrophic engine failure resulted, in all reasonable probability, from Defendants' failure to properly maintain and/or repair the Helicopter's exhaust system (including the exhaust duct and exhaust collector assembly), fuel control system, and their related component parts, as more specifically set forth above.

## V. NEGLIGENCE

18. On information and belief, the above-referenced maintenance, repair, and inspection work performed on the Helicopter's engine by Defendants Cadorath, Rotorcraft Leasing, and H&H, was performed negligently, in that all of the Defendants failed—among other acts and/or omissions constituting negligence to be proven at trial—to:

a. Properly weld and/or otherwise repair cracks in the Helicopter's engine's exhaust duct and/or exhaust collector assembly;

b. Properly inspect the Helicopter's engine's exhaust duct and exhaust collector assembly to detect cracks and/or other weaknesses that rendered the Helicopter unsafe and unfit for flight operations;

c. Otherwise properly repair and/or inspect the Helicopter's engine; and

d. Warn of the dangerous condition of the Helicopter's engine's exhaust duct and/or exhaust collector assembly.

19. On information and belief, the above-referenced maintenance, repair, and inspection work performed on the Helicopter's engine by Defendant HASS was performed negligently, in that HASS failed—among other acts and/or omissions constituting negligence to be proven at trial—to:

a. Properly repair and test the Helicopter's engine's fuel control system;

b. Properly inspect the Helicopter's engine's fuel control system to detect and remedy dangerous heating conditions within the engine and its exhaust system that rendered the Helicopter unsafe and unfit for flight operations;

c. Otherwise properly repair and/or inspect the Helicopter's engine; and

d. Warn of the dangerous condition of the Helicopter's engine's fuel control system.

20. On information and belief, the above-referenced negligent acts and/or omissions of the Defendants were each a proximate cause of the Helicopter's catastrophic engine failure, resulting loss of power, and subsequent impact with terrain on March 30, 2015, and were each a proximate cause of the resulting injury and death of Mr. Ricks. On information and belief, Defendants' failure to properly repair and/or inspect the Helicopter's engine—including but not limited to its exhaust system and fuel control system—resulted in dangerous heating conditions, cracking and/or weakness within the engine and its components during flight on March 30, 2015, resulting in a catastrophic engine failure, loss of engine power, and loss of control of the Helicopter, which subsequently impacted terrain, killing Brandon Ricks. The above-referenced negligent acts and omissions of the Defendants—in light of the circumstances outlined above concerning the subject flight—deprived Mr. Ricks of an opportunity to react to the catastrophic engine failure in time to avoid or otherwise reduce the effect of the Helicopter's impact with terrain.

## VI. DAMAGES

21. Brandon Ricks was born on November 15, 1974, and was forty (40) years of age at the time of his death.

22. Brandon Ricks=s minor children, KR and HR, were very close to their father and enjoyed a deep and abiding relationship of love and affection with him.

23. As a result of their father's death, KR and HR suffered intense grief, anguish, and physical and mental pain as well as irreparable loss, including loss of consortium and society, in being deprived of the company, love and affection of their father.

24. Additionally, as a result of the death of their father, KR and HR have sustained economic losses, including without limitation, loss of pecuniary support and services.

25. Colleen Ricks is the surviving spouse of Brandon Ricks, and was very close to her husband, and enjoyed a deep and abiding relationship of love and affection with him.

26. As a result of her husband's death, Colleen Ricks suffered intense grief, anguish, and physical and mental pain as well as irreparable loss, including loss of consortium and society, in being deprived of the company, love and affection of her husband.

27. Additionally, as a result of the death of her husband, Colleen Ricks has sustained economic losses, including without limitation, loss of pecuniary support and services.

28. As the surviving spouse and children of Brandon Ricks, respectively, Colleen Ricks, Kaitlyn Ricks, and Hunter Ricks are his survivors within the meaning of Louisiana Civil Code Articles 2315, *et seq.*, and, as such, are entitled to recover for the pain and suffering which Brandon Ricks endured prior to his death, as well as for the losses, pecuniary and non-pecuniary, which they have sustained as outlined above.

## VII. JURY DEMAND

29. Plaintiff demands a trial by jury on all claims and causes of action brought herein and/or by way of amended and/or supplemental complaint.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that defendants, Cadorath Aerospace Lafayette, LLC, H&H Turbine Services, L.L.C., and Rotorcraft Leasing Company, LLC, be served with a copy of this Original Complaint and cited to appear and answer same, and that after due proceedings had there be judgment herein against all defendants, jointly, severally and/or *in solido,* as follows:

(1) In favor of Colleen Ricks, in such full amounts as are found to be due to said Colleen Ricks under the laws of Louisiana governing damages in cases of this kind, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings and for all general and equitable relief;

(2) In favor of the minor, KR, through her mother, guardian and next friend, Colleen Ricks, in such full amounts as are found to be due to said KR under the laws of Louisiana governing damages in cases of this kind, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings and for all general and equitable relief; and

(3) In favor of the minor, HR, through his mother, guardian and next friend, Colleen Ricks, in such full amounts as are found to be due to said HR under the laws of Louisiana governing damages in cases of this kind, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

/s/ Paul M. Sterbcow

PAUL M. STERBCOW (#17817)
BETH E. ABRAMSON (#27350)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
TEL: 504-588-1500
FAX: 504-588-1514
Sterbcow@lksalaw.com
babramson@lksalaw.com

**OF COUNSEL:**

RICHARD WARREN MITHOFF
Federal Bar No. 2012
E-MAIL: rmithoff@mithofflaw.com
JOSEPH R. ALEXANDER, JR.
Federal Bar No. 1368
E-MAIL: jalexander@mithofflaw.com
WARNER V. HOCKER
Federal Bar No. 1133732
E-MAIL: whocker@mithofflaw.com
MITHOFF LAW FIRM
500 DALLAS, STE. 3450
HOUSTON, TX 77002
TELEPHONE: (713) 654-1122
TELEFAX: (713) 739-8085

**ATTORNEYS FOR PLAINTIFF**

PLEASE SERVE:

1. CADORATH AEROSPACE LAFAYETTE, LLC
   By and through its agent for service of process,
   Lance J. Arnold, Esq.
   1100 Poydras St., STE 3600,
   New Orleans, Louisiana 70163

2. H&H TURBINE SERVICES, L.L.C.
   By and through its agent for service of process,
   Kevin D. Hebert
   701 Moresi Road,
   Jeanerette, Louisiana 70544

3. ROTORCRAFT LEASING COMPANY, LLC
   By and through its agent for service of process,
   Corporation Service Company
   320 Somerulos St.,
   Baton Rouge, Louisiana 70802-6129

4. HELICOPTER ACCESSORY SERVICE SOUTH, LLC
   By and through its agent for service of process,
   Christopher Hebert
   220 Jared Drive,
   Broussard, Louisiana 70518