UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-6686**<br>**c/w 16-2593** |
| **CADORATH AEROSPACE**<br>**LAFAYETTE, LLC, et al.** | **SECTION: "G" (5)** |

## ORDER

Before the Court is Defendant Rolls-Royce's ("Rolls-Royce") "Rule 12(b)(2) and 12(b)(3) Motion to Dismiss Plaintiff's First Amended Complaint."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and transfer the case to the Southern District of Indiana.

## I. Background

### A.    *Factual Background*

In this consolidated action, Plaintiff Colleen Ricks ("Plaintiff"), individually and on behalf of her minor children, alleges that the decedent, Brandon Ricks, died while piloting a helicopter in Mississippi because the helicopter experienced engine failure and loss of power, resulting in a crash.[2] Plaintiff alleges that the helicopter was equipped with a Rolls-Royce model 250-C30P turbine engine.[3] Plaintiff alleges that Rolls-Royce knew or should have known that the engine was defectively designed and/or manufactured and failed to provide reasonable instructions and

---

[1] Rec. Doc. 77.

[2] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 55 at 3.

[3] *Id.*

1

warnings to maintenance providers that worked on the engines.[4] Plaintiff also alleges that the helicopter was inadequately serviced by Defendants Cadorath Aerospace Lafayette, LLC ("Cadorath") and Rotorcraft Leasing Company, LLC ("Rotorcraft") prior to the crash in Broussard, Louisiana, which is in the Western District of Louisiana.[5] Rolls-Royce has an authorized repair facility agreement with Cadorath[6] and a fleet operator agreement with Rotorcraft.[7]

## B.   *Procedural Background*

On December 10, 2015, the first complaint in this consolidated matter was filed against Defendants Cadorath, H&H Turbine Services, LLC, and Rotorcraft, alleging negligent maintenance of the helicopter and the engine before the accident.[8] On March 30, 2016, Plaintiff filed a separate action against Defendant Rolls-Royce,[9] which the Court consolidated with the first action for all purposes on January 13, 2017.[10] On May 20, 2016, Rolls-Royce filed a motion to dismiss the action against it for lack of jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).[11] On June 29, 2016, the Court denied the motion without prejudice and granted Plaintiff's motion to conduct limited discovery pertinent to Rolls-Royce's

---

[4] *Id.* at 4.

[5] Rec. Doc. 78 at 12–13.

[6] Rec. Doc. 77-2 at 12.

[7] *Id.* at 15.

[8] Rec. Doc. 1.

[9] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 1.

[10] Rec. Doc. 75.

[11] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 8.

motion to dismiss for lack of jurisdiction and improper venue.[12] In its Order, the Court allowed the parties 60 days to exchange limited discovery pertaining to the jurisdictional and venue issues outlined by Rolls-Royce in its motion.[13] On November 8, 2016, Rolls-Royce filed the instant motion to dismiss Plaintiff's first amended complaint for lack of personal jurisdiction and improper venue.[14] On November 29, 2016, Plaintiff filed an opposition to the motion.[15] On December 6, 2016, with leave of Court, Rolls-Royce filed a reply.[16]

## II. Parties' Arguments

### A.   *Rolls-Royce's Arguments in Support of Dismissal*

Rolls-Royce moves to dismiss Plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(3), arguing that the Court lacks both general and specific personal jurisdiction over it and that venue is improper.[17] In the alternative, Rolls-Royce requests that the Court transfer the action to the United States District Court for the Southern District of Indiana.[18]

### 1.   **Rolls-Royce's Arguments Regarding Personal Jurisdiction**

Rolls-Royce asserts that it is a Delaware corporation with its principal place of business in

---

[12] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 17 at 5.

[13] *Id.*

[14] Rec. Doc. 77.

[15] Rec. Doc. 78.

[16] Rec. Doc. 79.

[17] Rec. Doc. 77-2 at 2.

[18] *Id.* at 23.

Indianapolis, Indiana.[19] Therefore, Rolls-Royce argues that the Court lacks general jurisdiction over it because it has no contacts with Louisiana sufficiently systematic or continuous such that Louisiana could be considered Rolls-Royce's "home."[20]

Rolls-Royce further argues that Plaintiff cannot establish specific jurisdiction over it, because Plaintiff's cause of action does not arise out of or relate to any of Rolls-Royce's contacts with Louisiana, as required for the exercise of specific jurisdiction under Fifth Circuit precedent.[21] Rolls-Royce contends that the fact that its products wind up in Louisiana is not sufficient to establish that Plaintiff's cause of action arises out of or is related to Rolls-Royce's Louisiana-related activities.[22] Rolls-Royce further contends that its contacts with Louisiana do not establish specific jurisdiction over it, because according to Rolls-Royce, it did not design, manufacture, sell or deliver the engine at issue.[23] According to Rolls-Royce, it has a non-exclusive authorized repair facility agreement with Defendant Cadorath Aerospace Lafayette, LLC, which is located in Broussard, Louisiana.[24] Rolls-Royce contends that this does not confer specific jurisdiction on the Court, however, because: (1) Plaintiff's first amended complaint does not tie the repair of the helicopter that occurred at Cadorath in 2009 to the 2015 Mississippi helicopter crash; and (2) the

---

[19] *Id.* at 5.

[20] *Id.* at 6.

[21] *Id.* at 8 (citing *In re Chinese-Manufactured Drywall Prods. Liability Litigation*, 735 F.3d 521, 549 (5th Cir. 2014); *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012)).

[22] *Id.* (citing *Pitts v. Motor Co.*, 127 F.Supp.3d 676, 686 (S.D. Miss. 2015)).

[23] *Id.* at 11.

[24] *Id.* at 12.

helicopter part that Cadorath repaired in 2009 was not a Rolls-Royce part.[25] Thus, Rolls-Royce contends that whatever repair was made at Cadorath was unrelated to Rolls-Royce's contacts with Louisiana.[26]

Rolls-Royce next argues that the fact that Rolls-Royce entered into a fleet operator agreement with Defendant Rotorcraft is unrelated to Plaintiff's cause of action and does not confer specific jurisdiction.[27] Rolls-Royce asserts that in Plaintiff's other consolidated action, she alleges that Defendant Rotorcraft negligently performed maintenance work on the helicopter's engine in Broussard, Louisiana, but that Rotorcraft is not part of Rolls-Royce's network of independently owned and operated repair facilities.[28] Rolls-Royce contends that specific jurisdiction cannot be established over it through the actions of another party, including the actions of those who repaired the helicopter's engine or its parts.[29]

Next, Rolls-Royce contends that the fact that it employs regional managers who live in Louisiana does not confer specific jurisdiction.[30] Rolls-Royce asserts that it has a distribution agreement with a company that maintains a customer service center in Lafayette, Louisiana.[31] However, Rolls-Royce argues that even if these contacts are sufficient "minimum contacts" with Louisiana under Fifth Circuit precedent, they do not establish specific jurisdiction because

---

[25] *Id.* at 13–14.

[26] *Id.* at 15.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 16 (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987)).

[30] *Id.*

[31] *Id.* at 17.

Plaintiff's cause of action does not arise out of or result from these contacts.[32]

Next, Rolls-Royce asserts that Plaintiff may argue that the Court has personal jurisdiction because of Rolls-Royce's requirement that any authorized repair facility must make repairs in accordance with its manuals or instructions.[33] However, Rolls-Royce contends that this jurisdictional argument would fail, because the federal government requires any person performing maintenance on aircraft to do so in accordance with the manufacturer's manual and there is no authority to support such a theory of jurisdiction.[34] Rolls-Royce also argues that Plaintiff cannot establish personal jurisdiction through Rolls-Royce's alleged failure to warn repairers of the engine about alleged defects in the engine at issue.[35] Rolls-Royce contends that under this theory, any state could constitutionally exercise specific jurisdiction over Rolls-Royce if a third party once repaired a helicopter's engine, regardless of where the accident later occurred.[36] In sum, Rolls-Royce argues that the Court "lacks specific jurisdiction over Rolls-Royce in this case involving a Mississippi helicopter crash that killed two persons and injured a third person, none of whom worked or resided in Louisiana."[37]

### 2.     Rolls-Royce's Arguments Regarding Venue

Rolls-Royce next contends that venue is improper in this district.[38] Rolls-Royce asserts

---

[32] *Id.* at 17–18.

[33] *Id.* at 18.

[34] *Id.* (citing 14 C.F.R. § 43.13).

[35] *Id.* at 19.

[36] *Id.* at 20.

[37] *Id.*

[38] *Id.* at 20–21.

6

that it is Plaintiff's burden to demonstrate that venue is proper and the venue statute is to be strictly construed.[39]  According to Rolls-Royce, Plaintiff has identified no Rolls-Royce contacts with this district, let alone sufficient contacts to subject Rolls-Royce to jurisdiction if this district were a separate state.[40]  Rolls-Royce contends that even assuming Rolls-Royce's contacts were sufficient to establish specific jurisdiction in Louisiana for this case, those contacts took place in the Western District of Louisiana, not the Eastern District of Louisiana.[41]  Rolls-Royce requests that Plaintiff's first amended complaint be dismissed without prejudice because venue is improper in this district.[42]

**B.    *Plaintiff's Arguments in Opposition to the Motion***

**1.    Plaintiff's Arguments Regarding Personal Jurisdiction**

In her opposition, Plaintiff argues that she must only present *prima facie* evidence to establish the first two prongs of the Fifth Circuit's specific jurisdiction inquiry.[43]  After that, Plaintiff asserts that the burden shifts to Rolls-Royce to demonstrate that the exercise of personal jurisdiction would be unfair or unreasonable.[44]  According to Plaintiff, specific jurisdiction exists here, because her claims for inadequate warnings and negligent undertaking arise out of Rolls-

---

[39] *Id.* at 21–22 (citing *Gulf Ins. Co. v. Glassbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)).

[40] *Id.* at 22 (citing *PHH Mortgage Corp. v. Barrett, Daffin, Frappier, Treder & Weiss, LLP,* 2016 WL 1588270, at *1–2 (N.D. Cal. Apr. 20, 2016); *Ambriz v. Coca-Cola Co.*, 2014 WL 296159, at *3–6 (N.D. Cal. Jan. 27, 2014)).

[41] *Id.* at 23.

[42] *Id.* at 14.

[43] Rec. Doc. 78 at 16 (citing *Patterson v. Aker Solutions, Inc.*, 826 F.3d 231, 233 (5th Cir. 2016)).

[44] *Id.* at 17 (citing *Monkton Ins. Servs. V. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)).

Royce's contacts with Louisiana.[45]  Plaintiff asserts that western Louisiana is a center of helicopter operations and Rolls-Royce engines.[46]  Plaintiff also asserts that Rolls-Royce established a Louisiana connection in 1999 when it executed a distributor services agreement with Aviall Services, Inc. ("Aviall") to distribute its publications to customers worldwide, including in Louisiana, and to maintain a facility near Lafayette, Louisiana.[47]

According to Plaintiff, Rolls-Royce held itself out as a manufacturer of the M250 engine and may therefore be subject to liability under the Louisiana Product Liability Act (LPLA) even though it did not physically design or manufacture the engine.[48]  Plaintiff contends that for several years, Rolls-Royce failed to adequately warn Cadorath, its authorized Louisiana repair facility, and Rotorcraft, its authorized Louisiana fleet operator of M250 engines, of the risks of cracking in the engine.[49]  Thus, Plaintiff contends that Rolls-Royce's failure to warn is a basis for liability that arises directly from its contacts with Louisiana.[50]

Plaintiff next argues that her negligent undertaking claim arises out of Rolls-Royce's Louisiana contacts.[51]  Plaintiff claims that in its agreement with Cadorath, Rolls-Royce undertook to render services to Cadorath in support of Cadorath's repair of M250 engines in Louisiana by

---

[45] *Id.*

[46] *Id.* at 8.

[47] *Id.* at 8–9.

[48] *Id.* at 18 (citing La. Rev. Stat. Ann. § 2800.53).

[49] *Id.*

[50] *Id.*

[51] *Id.*

developing repair processes and manuals for Cadorath to follow while working in Louisiana.[52] Plaintiff further asserts that Rolls-Royce required Rotorcraft to maintain a library of technical publications and to follow Rolls-Royce's technical directions.[53] Plaintiff contends that Rolls-Royce did not use reasonable care to notify Cadorath or Rotorcraft about the risk of cracking, even though it had issued such warnings regarding other incidents.[54] According to Plaintiff, the viability of the negligent undertaking claim is not a proper subject of inquiry at this stage of the litigation, and Rolls-Royce's conduct satisfies the minimum contacts test for specific jurisdiction.[55]

Plaintiff next contends that exercising personal jurisdiction over Rolls-Royce comports with fair play and substantial justice.[56] According to Plaintiff, exercising jurisdiction over Rolls-Royce is fair for the following reasons: (1) Rolls-Royce will not face a significant burden in defending this action "along with several others in Louisiana;" (2) Louisiana has a legitimate interest in ensuring helicopter engines maintained in the state are maintained safely; (3) Plaintiff has an interest in convenient relief in Louisiana, where the helicopter was "inadequately repaired;" (4) resolution can be efficiently gained in Louisiana because key facts in the case relate to the warnings to Louisiana companies; and (5) Louisiana has a significant interest in furthering fundamental social policies promoting vehicle and transportation safety.[57] Plaintiff contends that Rolls-Royce should have anticipated being haled into court in Louisiana based on its failure to

---

[52] *Id.* at 20.

[53] *Id.*

[54] *Id.* at 21 (citing Rec. Doc. 78-14).

[55] *Id.*

[56] *Id.* at 22.

[57] *Id.*

exercise reasonable care in its dealings with Louisiana entities having "possessory interest in or occasion to handle M250 engines."[58]

### 2.     Plaintiff's Arguments Regarding Venue

Plaintiff argues that once the case is consolidated with her related action in the Eastern District of Louisiana,[59] there will be "no legitimate objection to venue in the consolidated case."[60] Therefore, Plaintiff requests that the Court grant her motion to consolidate the cases and deny as moot the Rolls-Royce motion to dismiss for improper venue.[61]

### C.     *Rolls-Royce's Reply in Further Support of the Motion to Dismiss*

### 1.     Rolls-Royce's Arguments Regarding Personal Jurisdiction

In reply, Rolls-Royce maintains that specific jurisdiction over it is lacking.[62] According to Rolls-Royce, Plaintiff's theory of specific jurisdiction is that the Court can constitutionally exercise specific jurisdiction over Rolls-Royce for something it allegedly did not do in the forum, *i.e.* provide a warning to third parties about another incident involving "outer combustion case" that occurred years before the 2015 crash.[63] Moreover, according to Rolls-Royce, neither Cadorath nor Rotorcraft repaired or inspected the helicopter outer combustion case in 2009 or 2010.[64] Rolls-Royce asserts that the uncontroverted evidence shows that Detroit Diesel Allison, a Division of

---

[58] *Id.*

[59] The Court consolidated the two actions on January 13, 2017. *See* Rec. Doc. 75.

[60] *Id.*

[61] *Id.*

[62] Rec. Doc. 79.

[63] *Id.* at 2.

[64] *Id.*

General Motors, manufactured and sold the engine at issue.[65] Thus, Rolls-Royce asserts that Plaintiff's claim against it now rests upon two legal theories, inadequate warning and negligent undertaking.[66]

Rolls-Royce asserts that despite Plaintiff's contentions, Louisiana law does not apply to her cause of action, a wrongful death action concerning her husband, an Oklahoma resident, who died in Mississippi while piloting a helicopter in flight solely in Mississippi.[67] According to Rolls-Royce, "even a cursory examination of Louisiana's conflict of law provisions" demonstrates that Louisiana's substantive law does not govern Plaintiff's claim.[68]

Next, Rolls-Royce asserts that Plaintiff argues that the Court can constitutionally exercise specific jurisdiction over Rolls-Royce for something Rolls-Royce did not do or tell three entities, Aviall, Cadorath, and Rotorcraft.[69] Rolls-Royce asserts that Plaintiff does not offer any case to support this theory of specific jurisdiction.[70] Rolls-Royce asserts that Aviall is its world-wide distributor of parts and manuals but that Plaintiff does not show how Rolls-Royce's connection to Aviall establishes suit-related conduct in Louisiana, a prerequisite to finding specific jurisdiction.[71] Rolls-Royce notes that it is undisputed that Cadorath did not repair a Rolls-Royce part in 2009 but

---

[65] *Id.* (citing *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 56-2 at 9–11; Rec. Doc. 56-4).

[66] *Id.* (citing *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 69 at 15–18).

[67] *Id.*

[68] *Id.* at 2–3 (citing *Yelton v. PHI, Inc.*, 669 F.3d 577, 584-85 (5th Cir. 2012)).

[69] *Id.* at 3.

[70] *Id.*

[71] *Id.* at 4 (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)).

instead, repaired a Bell Helicopter Textron part.[72] Moreover, Rolls-Royce asserts that the outer combustion case of the subject helicopter was inspected just nineteen days before the last flight in Mississippi.[73] According to Rolls-Royce, this further weakens Plaintiff's theory of specific jurisdiction, because she's essentially arguing that Cadorath may have inspected the engine years before the crash had Rolls-Royce issued a warning, even though the engine was inspected just days before the last flight in Mississippi.[74] With regards to Rotorcraft, Rolls-Royce argues that it is not an authorized repair facility and that it is required by federal government law to repair aircraft in accordance with the manufacturer or type certificate holder's requirements.[75] Moreover, Rolls-Royce asserts that its operator agreement with Rotorcraft deals with incentivizing Rotorcraft to fly helicopters with Rolls-Royce engines and has nothing to do with the helicopter crash at issue.[76]

Even if any of Rolls-Royce's contacts suffice as minimum contacts, Rolls-Royce argues that none of these contacts are related to Plaintiff's cause of action.[77] According to Rolls-Royce, there is no evidence that it acted as the alter-ego of any of the other entities against whom Plaintiff brought suit, and to extend specific jurisdiction over Rolls-Royce for the actions or inactions of another entity would be "both factually and legally wrong."[78]

---

[72] *Id.* (citing *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 56-2).

[73] *Id.* at 5.

[74] *Id.* at 6.

[75] *Id.* (citing *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 56-2 at 18–19; 14 C.F.R. § 43.13).

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.* at 8.

## 2.      Rolls-Royce's Arguments Regarding Venue

According to Rolls-Royce, Plaintiff has not alleged any facts related to this district.[79] Rather, her allegations relate to third party conduct in the Western District of Louisiana.[80] Rolls-Royce contends that consolidation of cases "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."[81] Thus, Rolls-Royce argues that consolidation of Plaintiff's two actions would not cure the venue defect in her action against Rolls-Royce and her first amended complaint should be dismissed for improper venue or transferred to the Southern District of Indiana, a forum with general jurisdiction over Rolls-Royce and proper venue.[82]

## III. Law and Analysis

In its motion, Rolls-Royce argues for: (1) dismissal of Plaintiff's claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction; and, in the alternative, for (2) dismissal of Plaintiff's claims for improper venue pursuant to Rule 12(b)(3); or (3) transfer of Plaintiff's complaint to the United States District Court for the Southern District of Indiana, a forum where Plaintiff could have brought suit against Rolls-Royce pursuant to 28 U.S.C. § 1391(b).[83] Generally, where a defendant simultaneously challenges both personal jurisdiction and venue, the question of personal jurisdiction is decided before venue.[84] However, this is not a rigid rule. As the Supreme Court

---

[79] *Id.* at 9.

[80] *Id.*

[81] *Id.* (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 487 (1933)) (internal quotation marks omitted).

[82] *Id.* at 10.

[83] Rec. Doc. 77-2 at 23.

[84] *See, e.g., David Ervin & Assocs., LLC v. Blendco, Inc.*, No. 10-4166, 2011 WL 1527070, at (E.D. La. Apr. 19, 2011) (Barbier, J.) (considering personal jurisdiction challenge before venue challenge). *See also* 6 *McCarthy on Trademarks and Unfair Competition* § 32:60 (4th ed.) ("Venue is usually, but not always, determined after personal

instructed in *Leroy v. Great Western United Corporation*, "[w]hen there is a sound prudential justification for doing so . . . a court may reverse the normal order of considering personal jurisdiction and venue." [85] This is so, because "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court, and both may be waived by the parties."[86] In *Leroy*, the Supreme Court found it appropriate to address venue first and to "pretermit the constitutional issue" of whether personal jurisdiction was properly obtained pursuant to the Texas long-arm statute, because it was "clear" that venue was improper.[87]

Here, the parties vigorously dispute whether Rolls-Royce's contacts with Louisiana are sufficient to establish that exercising personal jurisdiction over Rolls-Royce in the state of Louisiana is constitutional. By contrast, as discussed below, Plaintiff has not pointed to any contacts by Rolls-Royce in the Eastern District of Louisiana specifically such that venue in this district would be proper. Because the Court finds *infra* that venue is clearly improper in the Eastern District of Louisiana and that in the interest of justice transfer to the Southern District of Indiana is warranted,[88] it need not resolve the constitutional question of whether Rolls-Royce's contacts with the state of Louisiana are sufficient to subject it to personal jurisdiction in this state if it decides venue first. In other words, even if the Court were to find that it had personal jurisdiction over Rolls-Royce, it would nevertheless find venue improper and transfer the case to the Southern

---

jurisdiction is found.").

[85] *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).

[86] *Id.*

[87] *Id.* at 181. *See also Illinois Cent. R. Co. v. Fordice*, 165 F.3d 23 (5th Cir. 1998) ("[I]t is prudential to avoid constitutional questions when possible.").

[88] *See* 28 U.S.C. § 1406(a).

14

District of Indiana, the only other venue requested by either party. There is thus "sound prudential justification" for considering venue as an initial matter,[89] and the Court will first address Rolls-Royce's arguments regarding improper venue.

## A.   *Legal Standard for Motion to Dismiss for Improper Venue*

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) requires a district court to determine whether venue is supported by the federal venue statute, 28 U.S.C. § 1391.[90] If venue is not supported by 28 U.S.C. § 1391, then pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[91] Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue.[92] When ruling on a Rule 12(b)(3) motion for improper venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[93] Rule

---

[89] *See id. See, e.g., Corbello v. Devito*, No. 1:07-985, 2008 WL 2097435, at *2 (E.D. Tex. May 19, 2008) ("Several courts have found that where the venue issue renders the personal jurisdiction problem moot, thus avoiding the need to address constitutional questions, consideration of venue before personal jurisdiction is appropriate."); *Nuttall v. Juarez*, 984 F.Supp.2d 637 (N.D. Tex. 2013) (considering venue first because doing so avoided the need to address constitutional questions raised by defendant's personal jurisdiction challenge); *Assetworks, Inc. v. Cincinnati*, No. 02-351, 2003 WL 25463096, at *5 n.49 (N.D. Tex. Mar. 31, 2003) (same). *Cf. Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F.Supp.2d 735, 741 (S.D.N.Y. 2013) ("In particular, reaching a venue motion in lieu of first addressing personal jurisdiction is sensible where the question of whether there is personal jurisdiction over a defendant is close and likely to yield further litigation.") (internal citations omitted).

[90] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 577 (2013). Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.

[91] 28 U.S.C. § 1406(a).

[92] *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995).

[93] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

15

12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.[94] A district court's dismissal for improper venue is reviewed for abuse of discretion.[95]

Where, as here, federal jurisdiction is founded solely on diversity of citizenship, 28 U.S.C. § 1391 states that a civil action may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.[96] The Court will address each of these three options enumerated in 28 U.S.C. § 1391 to determine whether venue is proper in the Eastern District of Louisiana. Because the Court finds that venue is not proper in the Eastern District of Louisiana, it will then determine whether dismissal or transfer is appropriate pursuant to 28 U.S.C. § 1406(a).

#### B.   *Analysis*

#### 1.   **Whether Venue is Proper Pursuant to 28 U.S.C. § 1391(b)(1)**

Under 28 U.S.C. §1391(b)(1), a suit may be brought in a judicial district in which any defendant resides, if all defendants reside in the state in which the district is located. In this action, there is only one defendant, Rolls-Royce.[97] Rolls-Royce is a corporation.[98] For purposes of venue,

---

[94] *Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc.*, 448 Fed. App'x 512, 514 (5th Cir. 2011).

[95] *See McClintock v. School Bd. of East Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008).

[96] 28 U.S.C. §1391(b).

[97] *See Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 55 at 1.

[98] *See id.* at 2.

a defendant corporation is deemed to reside in any judicial district in which it would be subject to the court's personal jurisdiction.[99]  The venue statute further instructs that where, as here, a state has more than one judicial district, a defendant corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."[100]  The Court must therefore determine whether Rolls-Royce's contacts with the Eastern District of Louisiana would be sufficient to subject it to personal jurisdiction in this district if the Eastern District of Louisiana were a separate state.

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.[101]  A court may exercise jurisdiction over a foreign defendant on the basis of specific or general jurisdiction.[102]  Specific jurisdiction requires a plaintiff to demonstrate that: "(1) there are sufficient (*i.e.*, not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[103]  If a plaintiff makes such a showing, the defendant can then defeat the exercise of specific jurisdiction by showing that it would

---

[99] 28 U.S.C. §1391(c).

[100] *Id.*

[101] *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted).

[102] *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 220 (5th Cir. 2012).

[103] *Id.* at 222.

nevertheless fail the basic fairness test.[104] General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a non-resident defendant and a forum.[105] "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[106]

Here, it is undisputed that federal jurisdiction is asserted on the basis of diversity.[107] In her complaint against Rolls-Royce, Plaintiff broadly alleges that venue is proper in this district, because "Defendant Rolls-Royce conducts substantial business in New Orleans, Louisiana and/or the Eastern District of Louisiana, sufficient to subject Rolls-Royce to personal jurisdiction in the Eastern District of Louisiana were it a separate state."[108] However, Plaintiff does not present *any* facts concerning Rolls-Royce's alleged contacts with the Eastern District of Louisiana in either her complaint or in her opposition to Rolls-Royce's motion. Rather, in her complaint and in her opposition, Plaintiff points only to Rolls-Royce's contacts with the *Western* District of Louisiana,[109] which are irrelevant to a determination of whether venue is proper in the Eastern of Louisiana.

---

[104] *Id.*

[105] *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414–419).

[106] *Id.* (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

[107] *See Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 55 at 2.

[108] *Id.*

[109] Plaintiff asserts, and Rolls-Royce does not appear to contest, the following contacts in the Western District of Louisiana: (1) Rolls-Royce executed a distributor services agreement with Aviall, which obligates Aviall to maintain a facility in Lafayette, Louisiana and to distribute technical publications; (2) Rolls-Royce entered into an authorized repair facility agreement with Cadorath, and the Cadorath repair facility is located in Broussard, Louisiana (near Lafayette, Louisiana); (3) in 2010, Rolls-Royce entered into a fleet operator agreement with Rotorcraft, a company located in Broussard; (4) Rolls-Royce issued a warning about a separate safety issue to Cadorath in 2011; and (5) Rolls-Royce issued an "inadequate" warning to Cadorath and Rotorcraft regarding engine cracks in 2013; and (6) there is a "high concentration of helicopters in western Louisiana—particularly in or near Lafayette." *See* Rec. Doc. 78 at 8, 9, 11, 12, 14.

"Conclusory allegations or legal conclusions" will not suffice to defeat a motion to dismiss.[110] Moreover, once venue is challenged, it is the Plaintiff's burden to demonstrate that her chosen venue is proper.[111] Because Plaintiff has not demonstrated that Rolls-Royce has *any* contacts with the Eastern District of Louisiana, she has failed to show that Rolls-Royce has sufficient contacts with the Eastern District of Louisiana to subject it to either specific or general personal jurisdiction were the Eastern District of Louisiana a separate state.[112] Thus, the Court finds that the record indicates that Rolls-Royce does not reside in the Eastern District of Louisiana for venue purposes, and venue is not proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(1).[113]

### 2.    Whether Venue is Proper Pursuant to 28 U.S.C. § 1391(b)(2)

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[114] Here, Plaintiff does not allege that any of the events or omissions giving rise to her claim occurred in the Eastern District of Louisiana or that any property that is the subject of the action is situated in the district. Thus, the Court finds that venue is not proper in the Eastern District of Louisiana under 28 U.S.C. §

---

[110] *Abrams Shell v. Shell Oil Co.*, 343 F.3d 482, 486 (5th Cir. 2003) (internal citation omitted).

[111] *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995) (holding that once the defendant raised its venue objection, the plaintiff was required to come forward with evidence that venue was proper).

[112] *See* 28 U.S.C. § 1391(d) (instructing that for purposes of venue, a defendant corporation shall be deemed to "reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State").

[113] *See* 28 U.S.C. § 1391(b)(1) (instructing that a civil action may be brought in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located").

[114] *See* 28 U.S.C. § 1391(b)(2).

1391(b)(2).[115]

### 3.  Whether Venue is Proper Pursuant to 28 U.S.C. § 1391(b)(3)

Pursuant to 28 U.S.C. § 1391(b)(3), "if there is no district in which an action may otherwise be brought" under the venue statute, then a civil action may be brought "in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[116] This third option is not applicable in this case, because there exists another district in which this action may otherwise be brought.[117] As discussed below, Plaintiff's action could have been brought in the Southern District of Indiana, where Rolls-Royce has its principal place of business and where it concedes venue is proper.[118] Therefore, the Court finds that venue is not proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(3).[119]

### 4.  Venue is Improper in the Eastern District of Louisiana

The Court finds that venue is not proper in this district under any of the three options enumerated in the federal venue statute.[120] Thus, the Court finds that venue is improper in the Eastern District of Louisiana. The Court notes that Plaintiff argues, without citing to any authority, that consolidating her action against Rolls-Royce with her related action in this district "will resolve the venue issue."[121] However, the Fifth Circuit has instructed that "consolidation does not

---

[115] *See id.*

[116] 28 U.S.C. § 1391(b)(3).

[117] As the Court noted *supra*, Defendant's principal place of business is in the Southern District of Indiana, and Defendant has requested transfer of this action to that district as an alternative to dismissal. *See* Rec. Doc. 77 at 23.

[118] *See* Rec. Doc. 77 at 23.

[119] *See* 28 U.S.C. § 1391(b)(3).

[120] *See* 28 U.S.C. § 1391(b)(1)-(3).

[121] Rec. Doc. 78 at 23.

merge the suits into a single cause, change the rights of the parties, or make those who are parties in one suit parties in another."[122]  Moreover, even within a single suit, venue must be proper as to each cause of action and each defendant.[123]  Thus, the fact that Plaintiff's case has been consolidated with her related action in this district does not alter the Court's finding that venue is improper in the Eastern District of Louisiana as to Plaintiff's action against Rolls-Royce.

### 5.    Whether the Action Should be Dismissed or Transferred Pursuant to 28 U.S.C. § 1406(a)

Pursuant to 28 U.S.C. § 1406(a), when a plaintiff selects an improper venue, a court may either dismiss the action or "if it be in the interest of justice," a court may "transfer such a case to any district or division in which it could have been brought."[124]  The Court notes that if this case is dismissed, Plaintiff's claims against Rolls-Royce may be barred by the statute of limitations and thus finds that transfer of the case is in the interest of justice.[125]  The Court finds, and Plaintiff does

---

[122] *Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 676 (5th Cir. 2011) (internal quotation marks and citations omitted). *See also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–497 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties. . . .").

[123] *See Tucker v. United States Dep't of Army*, 42 F.3d 641 (5th Cir. 1994). *See also* WRIGHT & MILLER, 14D FEDERAL PRACTICE & PROCEDURE, § 3808 (3d ed.) (noting that in a case with multiple claims, the general rule is that venue must be proper for each claim).

[124] 28 U.S.C. §1406(a). *See Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001).

[125] *See Burnett v. New York Ctrl. R.R. Co.*, 380 U.S. 424, 430 (1965) ("Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run . . . Thus a federal statute, 28 U.S.C. § 1406(a), allows a district court . . . if it be in the interest of justice, to transfer such case to any district or division in which it could have been brought.") (internal quotation marks omitted); *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524–525 (5th Cir. 1978) (finding transfer of case to advance "the interest of justice and procedural simplification" underlying 28 U.S.C. §§ 1406(a) and 1404(a) where part of plaintiff's claim was potentially barred by the statute of limitations). *See also, e.g., Orgeron v. Moran Towing Corp.*, No. 4164, 1994 WL 518313, at *1 (E.D. La. Sept. 21, 1994) (Mentz, J.) (finding transfer of case preferred remedy for improper venue to avoid any statute of limitations problems and finding transfer "especially appropriate" where defendants requested transfer as an alternative to dismissal); *In re FEMA Trailer Formaldehyde Prods. Liability Litigation*, 2012 WL 1580761, at *1 (E.D. La. May 4, 2012) (Engelhardt, J.) ("[T]his Court is of the opinion that severance under Rule 21 and subsequent transfer pursuant to section 1406 . . . should serve to preserve plaintiffs' claims provided they have not already

not contest, that venue is proper in the Southern District of Indiana, where Rolls-Royce has its principal place of business and concedes that it is subject to personal jurisdiction.[126] Moreover, Rolls-Royce requested transfer of the case to the Southern District of Indiana as an alternative to dismissal, and no party has requested transfer to any other district. In the interest of justice,[127] the Court will therefore transfer Plaintiff's cause of action against Rolls-Royce to the Southern District of Indiana.[128]

## IV. Conclusion

The Court finds that venue is improper in the Eastern District of Louisiana, because the record indicates that: (1) pursuant to 28 U.S.C. § 1391(b)(1), Rolls-Royce does not reside in the Eastern District of Louisiana for venue purposes;[129] (2) pursuant to 28 U.S.C. § 1391(b)(2), a "substantial part" of the events giving rise to Plaintiff's claims did not occur in the Eastern District of Louisiana;[130] and (3) pursuant to 28 U.S.C. § 1391(b)(3), there is another district in which an action may otherwise be brought under the venue statute.[131] As an alternative to dismissal, Rolls-

---

prescribed or otherwise expired pursuant to the applicable statute of limitation . . . .").

[126] *See* Rec. Doc. 79 at 10. *See also* 28 U.S.C. § 1391(b)(1).

[127] 28 U.S.C. § 1406(a) (in the interest of justice, a district court may transfer a case filed in an improper venue to any district or division in which it could have been brought). *See also Burnett v. New York Ctrl. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's actions would be barred by a statute of limitations, the interest of justice requires that the case be transferred.") (internal citations and quotation marks omitted).

[128] Because the Court finds that venue is improper in the Eastern District of Louisiana, it does not address Defendant's arguments as to why Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). *Cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (holding that a district court may transfer a case even when it lacks personal jurisdiction over a defendant).

[129] *See* 28 U.S.C. §§ 1391(b)(1), (d).

[130] *See* 28 U.S.C. § 1391(b)(2).

[131] *See* 28 U.S.C. § 1391(b)(3).

Royce requests that the action be transferred to the Southern District of Indiana,[132] and no party

has requested that the action be transferred to any other district. In the interest of justice, the Court

finds that it is appropriate to transfer Plaintiff's action against Rolls-Royce to the Southern District

of Indiana, where Rolls-Royce has its principal place of business and has conceded it is subject to

personal jurisdiction.[133]

Accordingly,

**IT IS HEREBY ORDERED** that Rolls-Royce's "Fed. R. Civ. P. 12(b)(2) and 12(b)(3)

Motion to Dismiss Plaintiff's First Amended Complaint"[134] is **GRANTED** to the extent that the

motion requests the transfer of Plaintiff's action.

**IT IS FURTHER ORDERED** that *Ricks v. Rolls-Royce Corp.*, Civil Action No. 16-2593,

is transferred to the United States District Court for the Southern District of Indiana.

**NEW ORLEANS, LOUISIANA**, this ___14th___ day of February, 2017.

**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[132] *See* Rec. Doc. 77 at 23.

[133] *See* 28 U.S.C. § 1406(a).

[134] Rec. Doc. 77.

23