UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-6686**<br>**c/w 16-2593** |
| **CADORATH AEROSPACE LAFAYETTE, LLC, et al.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Defendant Rolls-Royce's "Renewed Rule 12(b)(2) and 12(b)(3) Motion to Dismiss Plaintiff's Original Complaint."[1] In this consolidated action, Plaintiff Colleen Ricks ("Plaintiff"), individually and on behalf of her minor children, alleges that the decedent, Brandon Ricks, died while piloting a helicopter because the helicopter experienced engine failure and loss of power, resulting in a crash.[2] Plaintiff alleges that the turbine engine was improperly maintained, resulting in its failure.[3]

On December 10, 2015, the first complaint in this matter was filed against Defendants Cadorath Aerospace Lafayette, LLC, H&H Turbine Services, LLC, Rotorcraft Leasing Company, LLC.[4] On March 30, 2016, Plaintiff filed a separate action against Defendant Rolls-Royce Corporation,[5] which the Court consolidated with the first action for all purposes on January 13,

---

[1] Rec. Doc. 76.

[2] Rec. Doc. 1.

[3] *Id.* at 4.

[4] *Id.*

[5] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 1.

1

2017.[6] On October 25, 2016, Defendant Rolls-Royce Corporation ("Rolls-Royce") filed the instant motion to dismiss Plaintiff's original complaint for lack of personal jurisdiction and improper venue.[7] On November 3, 2016, the magistrate judge granted Plaintiff's motion for leave to file a first amended complaint,[8] which Plaintiff filed on the same day.[9] On November 8, 2016, Rolls-Royce filed a motion to dismiss Plaintiff's amended complaint for lack of personal jurisdiction and improper venue.[10]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[11] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[12] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general

---

[6] Rec. Doc. 75.

[7] Rec. Doc. 76.

[8] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 54.

[9] *Ricks v. Rolls-Royce Corp.*, No. 16-2593, Rec. Doc. 55.

[10] Rec. Doc. 77.

[11] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[12] *See Athletic Training Innovations, LLC v. eTagz, Inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. Aug. 3, 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co.*, 2007 WL 2713731, at *1 (W.D. Mich. Sept. 18, 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

2

rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[13] Here, Rolls-Royce has already filed a second motion to dismiss Plaintiff's amended complaint, which raises similar arguments to the instant motion to dismiss Plaintiff's original complaint.[14] Therefore, the Court concludes that it is more efficient to address Rolls-Royce's motion to dismiss Plaintiff's amended complaint[15] rather than address the instant motion to dismiss Plaintiff's original complaint. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Plaintiff's Original Complaint"[16] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this 14th day of February, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[14] *See* Rec. Doc. 77.

[15] *See id.*

[16] Rec. Doc. 76.

3